IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHAN RUBIN, Derivatively on Behalf of FUNKO, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>BRIAN MARIOTTI, JENNIFER FALL JUNG, RUSSELL NICKEL, GINO DELLOMO, MICHAEL LUNSFORD, CHARLES DENSON, ADAM KRIGER, KEN BROTMAN, SARAH KIRSHBAUM LEVY, and DIANE IRVINE,<br><br>      Defendants,<br> -and-<br><br>FUNKO, INC.,<br>      Nominal Defendant. | Civil Action No.: 1:20-cv-00947-RGA |
| RICHARD FLETCHER, Derivatively on Behalf of FUNKO, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>BRIAN MARIOTTI, JENNIFER FALL JUNG, RUSSELL NICKEL, GINO DELLOMO, MICHAEL LUNSFORD, CHARLES DENSON, ADAM KRIGER, KEN BROTMAN, SARAH KIRSHBAUM LEVY, and DIANE IRVINE,<br><br>      Defendants,<br> -and-<br><br>FUNKO, INC.,<br>      Nominal Defendant. | Civil Action No.: 1:20-cv-01031-RGA |

**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED DERIVATIVE ACTIONS AND APPOINTING LEAD AND LIAISON COUNSEL**

**WHEREAS,** there are presently two stockholder derivative actions pending in this District against the Individual Defendants,[1] current and former directors and officers of nominal defendant Funko, Inc. ("Funko" or the "Company") (Funko, together with the Individual Defendants, are collectively referred to herein as "Defendants"): (i) *Rubin v. Mariotti, et al.*, C.A. No. 1:20-cv-00947-RGA; and (ii) *Fletcher v. Mariotti, et al.*, C.A. 1:20-cv-01031-RGA (together, the "Related Derivative Actions");

**WHEREAS,** under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";[2]

**WHEREAS,** the Related Derivative Actions challenge similar alleged conduct by the Company's directors and executive officers and involve common questions of law and fact;

**WHEREAS,** the parties therefore respectfully submit that consolidation of the Related Derivative Actions is appropriate;

**WHEREAS,** to avoid potentially duplicative actions and to conserve the Court's and the parties' resources, the parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action (hereinafter referred to as the "Consolidated Derivative Action");

---

[1] "Individual Defendants" refer to Brian Mariotti, Jennifer Fall Jung, Russell Nickel, Gino Dellomo, Michael Lunsford, Charles Denson, Adam Kriger, Ken Brotman, Sarah Kirshbaum Levy, and Diane Irvine.

[2] *See D'Alessandro v. U.S.*, 2005 WL 984352, at *1 (D. Del. Apr. 27, 2005) ("Federal Rule of Civil Procedure 42 provides for consolidation '[w]hen actions involv[e] a common question of law or fact ... to avoid unnecessary costs or delay.'"); *In re Sterling Fin. Corp. Sec. Class Action*, 2007 WL4570729, at *1 (E.D. Pa. Dec. 21, 2007) ("Rule 42(a) grants the court broad discretion to consolidate actions in order to 'facilitate the administration of justice.'").

**WHEREAS,** in order to facilitate the orderly prosecution of the claims alleged by plaintiffs and to realize the efficiencies made possible by consolidation of the Related Derivative Actions, the plaintiffs agree that Bragar Eagel & Squire, P.C. shall be designated as Lead Counsel for plaintiffs in the Consolidated Derivative Action;[3]

**WHEREAS,** the plaintiffs further agree that deLeeuw Law LLC shall be designated as Liaison Counsel representing plaintiffs in the Consolidated Derivative Action;

**WHEREAS,** following consolidation, plaintiffs intend to file a consolidated complaint;

**WHEREAS,** counsel for the parties agree that the response deadlines for all Defendants shall be deferred until after plaintiffs file their anticipated consolidated complaint; and

**WHEREFORE,** the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1.   Defendants need not answer, move, or otherwise respond to any of the individual complaints filed in the Related Derivative Actions.

2.   Defendants hereby acknowledge service of the summonses and complaints in the Related Derivative Actions, expressly reserving all defenses, arguments, rights and objections that they may have in the Related Derivative Actions, including without limitation any and all jurisdictional, venue, or forum-related defenses, arguments, rights or objections and any and all other defenses, arguments, rights or objections.

---

[3] *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Federal Rules of Civil Procedure §2385 (3d. 2008) (court "may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases" and "assign the designated lawyers specific responsibilities"); Manual for Complex Litigation §10.22 (4th ed. 2004) ("[i]nstituting special procedures for coordination of counsel early in the litigation will help to avoid" waste of time and money, confusion and misdirection of the litigation, and undue burdens on the court).

3.  The following actions shall be consolidated for all purposes, including pre-trial proceedings and trial, into one consolidated action:

| Case Name | C.A. No. | Filing Date |
|---|---|---|
| *Rubin v. Mariotti, et al.* | 1:20-cv-00947-RGA | July 14, 2020 |
| *Fletcher v. Mariotti, et al.* | 1:20-cv-01031-RGA | July 31, 2020 |

4.  Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE FUNKO, INC. STOCKHOLDER DERIVATIVE LITIGATION | Consol. C.A. No.: 1:20-cv-00947-RGA |

5.  The files of the Consolidated Derivative Action will be maintained in one master file under C.A. No. 1:20-cv-00947-RGA.

6.  Lead Counsel for plaintiffs for the conduct of the Consolidated Derivative Action shall be:

BRAGAR EAGEL & SQUIRE, P.C.
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 355-4648

7.  Plaintiffs' Lead Counsel shall have sole authority to speak for plaintiffs in matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

8. Plaintiffs' Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel.

9. No pleadings or other papers shall be filed or discovery conducted on behalf of plaintiffs except as directed or undertaken by plaintiffs' Lead Counsel.

10. Liaison Counsel for plaintiffs for the conduct of this Consolidated Action shall be:

DELEEUW LAW LLC
1301 Walnut Green Road
Wilmington, Delaware 19807
Telephone: (302) 274-2180

11. Plaintiffs' Liaison Counsel shall perform all tasks expected of Delaware counsel and shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.

12. Defendants' counsel may rely upon all agreements made with plaintiffs' Lead Counsel or Liaison Counsel, and such agreements will be binding on plaintiffs.

13. Robbins LLP is designated as additional counsel for Plaintiffs in the Consolidated Derivative Action.

14. This order shall apply to each stockholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned, or transferred to this this Court. When a case which properly belongs as part of the *In re Funko, Inc. Stockholder Derivative Litigation*, Lead C.A. No. 1:20-cv-00947-RGA, is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, reassignment, or transfer of any case which might properly be consolidated as part of the *In re Funko, Inc. Stockholder Derivative Litigation*, Lead C.A. No. 1:20-cv-00947-RGA.

Any such case will be automatically consolidated, unless otherwise ordered, with the result that the terms of all orders, rulings, and decisions, in the Consolidated Derivative Action shall apply to all later substantially similar stockholder derivative actions filed in this Court, removed to this Court, reassigned this Court, or transferred here from another court.

15. Within thirty (30) days of the entry of an order consolidating the Related Derivative Actions, the parties shall meet and confer and submit a proposed schedule for the Court's approval. Defendants are not required to answer or otherwise respond to any complaint filed in the Consolidated Derivative Action until the deadline set forth in the Court's order on the parties' proposed schedule.

16. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), all parties consent to service by e-mail of any document required to be served in the Consolidated Derivative Action.

17. Nothing in this order shall be construed to prevent any party from seeking to transfer this case to a more appropriate venue or jurisdiction, including on the basis that a substantially similar action is pending in that other venue or jurisdiction.

Dated: September 8, 2020                                Respectfully Submitted,

                                                        **DELEEUW LAW LLC**

                                                        */s/ P. Bradford deLeeuw*
                                                        P. Bradford deLeeuw (#3569)
OF COUNSEL:                                             1301 Walnut Green Road
                                                        Wilmington, Delaware 19807
BRAGAR EAGEL & SQUIRE, P.C.                             (302) 274-2180
Melissa A. Fortunato
Garam Choe                                              *Proposed Liaison Counsel for Plaintiffs*
Alexandra B. Raymond                                    *and Attorney for Plaintiff Nathan Rubin*
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 355-4648

*Proposed Lead Counsel for Plaintiffs*
*and Attorneys for Plaintiff Nathan Rubin*

<table>
<tr><td>

ROBBINS LLP
Brian J. Robbins
Craig W. Smith
Eric M. Carrino
Emily R. Bishop
5040 Shoreham Place
San Diego, California 92122
Telephone: (619) 525-3990

*Additional Counsel for Plaintiffs
and Attorneys for Plaintiff Richard Fletcher*

</td><td></td></tr>
<tr><td>

Dated: September 8, 2020




OF COUNSEL:

LATHAM & WATKINS LLP
Kevin M. McDonough
Thomas J. Giblin
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200

*Attorneys for Defendants Brian Mariotti,
Jennifer Fall Jung, Russell Nickel, Gino
Dellomo, Michael Lunsford, Charles Denson,
Adam Kriger, Ken Brotman,
Sarah Kirshbaum Levy, Diane Irvine,
 and Funko, Inc.*

</td><td>

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Raymond J. DiCamillo*
Raymond J. DiCamillo (#3188)
John M. O'Toole (#6448)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

</td></tr>
</table>

**SO ORDERED this \_\_\_ day of September, 2020**


_____
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT COURT